**NOT FOR PUBLICATION**

FEB 23 2010

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDDY ADE TANZIL; SUSANTY MULYANA; et al., <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 05-70926 <br><br> Agency Nos.  A096-364-671 <br> A096-364-672 <br> A096-364-673 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Eddy Ade Tanzil, his wife, Susanty Mulyana, and their minor daughter,

natives and citizens of Indonesia, petition for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's decision

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

AR/Research

denying their application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo the agency's legal determinations, and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Even if credible, substantial evidence supports the agency's determination that petitioners' experiences of harassment and religious discrimination do not rise to the level of past persecution. *See Wakkary*, 558 F.3d at 1059-60. Substantial evidence also supports the agency's determination that petitioners failed to establish a clear probability of persecution because, even if the disfavored group analysis set forth in *Sael v. Ashcroft*, 386 F.3d 922, 927-29 (9th Cir. 2004), applies to petitioners, they have not demonstrated the requisite individualized risk of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184-85 (9th Cir. 2003); *see also Wakkary*, 558 F.3d at 1066 ("[A]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail[.]").

Contrary to petitioners' contention, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (citation omitted).

**PETITION FOR REVIEW DENIED.**